## William Ward, Plff. in Err., *v.* James Gardner.

If an owner constructs a sewer upon his property improperly, or neglects to make proper repairs upon it, whereby the ordinary and reasonable use of it by his tenant causes injury and damage to others, he is liable therefor.

(Decided January 4, 1886.)

Error to the Common Pleas, No. 2, of Allegheny County to review a judgment for plaintiff in an action for damages to property. Affirmed.

This action was brought by James Gardner against William Ward to recover for damages alleged to have been caused to Gardner's premises by a cesspool negligently kept and maintained on Ward's lot. After the construction of the cesspool and

Note.—The landlord is liable for defects which existed at the time of leasing, and by reason of which injury is occasioned. Simons v. Thompson, 2 W. N. C. 209; Early v. Ashworth, 17 Phila. 248; Reading v. Reiner, 167 Pa. 41, 31 Atl. 357; Mintzer v. Greenough, 192 Pa. 137, 43 Atl. 465. But the rule is otherwise where the defect did not exist at the beginning of the tenancy. Towt v. Philadelphia, 173 Pa. 314, 33 Atl. 1034. And the tenant is liable for defects occurring by his negligence, whether bound to repair or not. Bears v. Ambler, 9 Pa. 193; Early v. Ashworth, 17 Phila. 248.

As to liability of landlord for injuries to third person, resulting from condition of premises in possession of tenant, see editorial note to Lee v. McLaughlin, 26 L. R. A. 197, containing a full presentation of the authorities on that subject.

As to liability as between landlord and tenant for negligent use of water on premises in general, see Farnham on Waters, p. 2781. As to the landlord's liability for injuries resulting from defective drain, see Farnham on Waters, p. 2768. As to the landlord's liability for discharge of offensive matter onto adjoining land by tenant, see same author, p. 2633.

drain, Ward had leased his premises, and he claimed the tenant was bound to keep the premises in repair, and that, therefore, the landlord was not liable for damages resulting from neglect to repair.

Verdict and judgment passed for plaintiff, and defendant brought this writ, alleging, among others, the following error:

The court erred in affirming the plaintiff's fourth point, which was as follows: "If the defendant's tenants were ones from year to year, and the jury find from the evidence that the sewer of the defendant leaked more or less continuously for three or four years, then the defendant is liable for the injuries, whether due to original faulty construction or want of proper repairs on his part, whereby the tenants, in its ordinary use, caused the damage to the plaintiff."

*John S. Ferguson* (Pittsburgh) for plaintiff in error.

*Charles C. Dickey* and *George Shiras, Jr.,* for defendant in error.—A mere tenant from year to year is not bound to expend money on permanent repairs and improvements. McAdam, Land. & T. 2d ed. § 198, p. 441.

If a nuisance existed upon the premises at the time of the demise the landlord as well as the tenant is liable for the damages resulting to third persons therefrom, although it only becomes a nuisance by the act of the tenant in using it for ordinary purposes. Wood, Land. & T. § 539; House v. Metcalf, 27 Conn. 631.

If by an extraordinary or unusual use thereof, the landlord only becomes liable by subsequently renting it or renewing the old lease. Fish v. Dodge, 4 Denio, 311.

Where a person is in possession from year to year, each year is treated as a reletting, so that the landlord becomes chargeable for a nuisance created by the tenant during a previous year which is in existence at the commencement of the new year. Irvine v. Wood, 51 N. Y. 224, 10 Am. Rep. 603; People v. Townsend, 3 Hill, 479; Vedder v. Vedder, 1 Denio, 257.

A landlord who lets or relets premises in such a state as to constitute a nuisance is responsible for such a nuisance, notwithstanding the tenancy; a continuation of the tenancy from year to year is equivalent to a reletting. Landlord liable for injuries sustained by third parties by reason of nuisance. Wood,

Land. & T. § 247, also Moody v. The Mayor, 34 How. Pr. 288.

A landlord who negligently or improperly constructs a drain, or permits it to become defective after notice, and suffers it to remain so, is liable to the tenant or stranger who, free from fault, is injured. McAdam, Land. & T. 2d ed. § 247, p. 602.

The landlord is responsible when the premises are leased with the nuisance upon them. Taylor, Land. & T. § 1067; Gridley v. Bloomington, 68 Ill. 47.

PER CURIAM:

We discover no error in the admission of evidence, nor in the affirmance of the point submitted. If the sewer was improperly constructed, or if the owner of the property neglected to make proper repairs, whereby the ordinary and reasonable use by his tenant caused the injury and damage to the plaintiff below, the owner is liable; he became responsible for the damage naturally resulting from a nuisance which he created or caused to be created, and cannot relieve himself by throwing the whole fault on one who was his tenant from year to year, who was guilty of no misconduct towards him.

Judgment affirmed.